CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Shahane Harutyunyan, Esq. (SBN311736)
Law Offices of Stephenson, Acquisto & Colman, Inc.
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

TELEPHONE NO.: (818) 559-4477    FAX NO.: (818) 559-5484
ATTORNEY FOR (Name): Plaintiff San Antonio Regional Hospital

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District - Civil Division

CASE NAME:  San Antonio Regional Hospital v. D/T Carson
Enterprises, Inc.

SUPERIOR
COUNTY [...]
SAN BERNARDINO [...]

MAR - 8 2018

BY Leane M Landeros
LEANNE M. LANDEROS, DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CIVRS 1805673 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case: (You may use form CM-015.)
Date: March 8, 2018

Shahane Harutyunyan, Esq. (SBN311736)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice—
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ—Administrative Mandamus
   Writ—Mandamus on Limited Court
      Case Matter
   Writ—Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal—Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

**EXHIBIT A - PAGE 07**

1   STEPHENSON, ACQUISTO & COLMAN, INC.
2   JOY Y. STEPHENSON, ESQ. (SBN 113755)
    BARRY SULLIVAN, ESQ. (SBN 136571)
3   RICHARD A. LOVICH, ESQ. (SBN 113472)
4   SHAHANE HARUTYUNYAN, ESQ. (SBN 311736)
    303 N. Glenoaks Blvd., Suite 700
5   Burbank, CA 91502

6
    Telephone:   (818) 559-4477
7   Facsimile:   (818) 559-5484

8   Attorneys for Plaintiff
9   SAN ANTONIO REGIONAL HOSPITAL, a California non-
    profit public benefit corporation
10

11              SUPERIOR COURT OF CALIFORNIA

12            FOR THE COUNTY OF SAN BERNARDINO

13                  UNLIMITED JURISDICTION

14
15   SAN ANTONIO REGIONAL          Case No.:   CIVDS 1805678
     HOSPITAL, a California non-profit
16   public benefit corporation,     COMPLAINT FOR DAMAGES FOR:

17              Plaintiff,          1.   *QUANTUM MERUIT*; and

18        vs.                       2.   VIOLATION OF CAL. BUS. &
                                         PROF. CODE § 17200 *et seq.*
19   D/T CARSON ENTERPRISES, INC.
20   WELFARE BENEFIT PLAN, a
     California corporation; ELAP
21   SERVICES, LLC, a Delaware company;
     and GROUP & PENSION
22   ADMINISTRATORS, INC., a Texas
23   corporation; and DOES 1 THROUGH
     25, INCLUSIVE,
24
25              Defendants.

26
27
28
                              - 1 -   COMPLAINT FOR DAMAGES

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR - 8 2018

BY LEANNE M. LANDEROS, DEPUTY

COPY

<u>**PARTIES**</u>

1.  Plaintiff San Antonio Regional Hospital ("San Antonio") is a non-profit public benefit corporation organized and existing pursuant to the laws of the State of California. San Antonio Regional Hospital has its principal place of operation in the City of Upland, County of San Bernardino, State of California. San Antonio Regional Hospital provides medical care to patients.

2.  Defendant D/T Carson Enterprises, Inc. Welfare Benefit Plan ("Carson Enterprises") is a corporation organized and existing pursuant to the laws of the State of California. Carson Enterprises has its principal place of business in the City of Murrieta, County of Riverside, State of California.

3.  Defendant Group & Pension Administrators, Inc. ("GPA") is a corporation organized and existing pursuant to the laws of the State of Texas. GPA has its principal place of business in Dallas, Texas. Among other things, GPA is a third party health care administrator that also provides cost containment services. GPA acts and/or has acted as a third party health care administrator for Defendant Carson Enterprises.

4.  Defendant ELAP Services, LLC ("ELAP Services) is a limited liability company that does business in California and is organized and existing pursuant to the laws of the State of Delaware. ELAP Services has its principal place of business in the Community of Chester Springs, County of Chester, State of Pennsylvania. Among other things, ELAP Services provides health care cost reduction services. ELAP Services holds itself out to be the designated decision maker for Defendant Carson Enterprises.

EXHIBIT A - PAGE 09

5.   San Antonio is unaware of the true names and capacities, whether corporate, associate, individual, partnership, or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. San Antonio will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

6.   Carson Enterprises, GPA, ELAP Services and Does 1 through 25, inclusive, shall be collectively referred to as "Defendants."

7.   Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

8.   At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants.

## COMMON FACTUAL BACKGROUND

9.   Beginning on January 17, 2016 through January 22, 2016, San Antonio provided medically necessary, emergency services, supplies and/or equipment to a patient with the initials R.S., as identified on Exhibit A of this Complaint (and which is incorporated herein by this reference as though set forth in full). Patient R.S. was an enrolled beneficiary and/or member of a health plan

- 3 -   COMPLAINT FOR DAMAGES

EXHIBIT A - PAGE 10

1   sponsored, administered and/or financed by Defendants.[1]

2

3          10.    At all relevant times, San Antonio and Defendants did not have

4   a written agreement governing reimbursement rates for the medically necessary

5   services, supplies, and/or equipment which San Antonio rendered or would render

6   to patients who were members of Defendants' health plan.

7

8          11.    While the patient was still hospitalized at San Antonio, San

9   Antonio contacted Defendant GPA by telephone to ascertain whether or not GPA

10  or its principal was responsible for the costs associated with the medically

11  necessary, emergency services, supplies and/or equipment rendered to Patient R.S.

12  In response, GPA or its agent provided to San Antonio the relevant insurance

13  verification and insurance coverage eligibility information for Patient R.S. under

14  GPA and/or Carson Enterprises' health plan and provided an address where San

15  Antonio's bills should be sent.

16

17         12.    At all relevant times, Defendants held themselves out to be the

18  responsible payors for the services provided to Patient R.S.

19

20         13.    San Antonio rendered medically necessary, emergency services,

21  supplies and/or equipment to Patient R.S.

22

23         14.    At all relevant times, GPA and/or Carson Enterprises and/or its

24  agent acknowledged and authorized the medical services rendered to Patient R.S.

25  by San Antonio (Authorization Number 0189524).

26

---

[1] San Antonio has limited disclosure of patient identification here pursuant to the privacy
27  provisions of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§
    1320 *et seq.*, and the California Constitution, art. 1 § 1.
28

15.    San Antonio's usual and customary charges for the medically necessary, emergency services, supplies and/or equipment rendered to Patient R.S. was an amount to be proven at trial according to proof but which was no less than $121,856.04.

16.    San Antonio timely and properly submitted to Defendants, at the address provided by Defendants, its bill for the medically necessary, emergency services, supplies and/or equipment rendered to Patient R.S., for payment by Defendants.

17.    Defendants owed San Antonio a total of $121,856.04 for the medically necessary, emergency services, supplies and/or equipment rendered to Patient R.S.

18.    Defendants have only paid $25,703.03 to San Antonio for the medically necessary, emergency services, supplies and/or equipment rendered to Patient R.S., failing to pay the remaining $96,153.01 amount due, despite due demand.

19.    As a result of Defendants' misconduct, San Antonio has suffered damages in an amount to be proven at trial according to proof but which amounts to at least $96,153.01, exclusive of interest.

////

////

////

- 5 -    COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

*(Quantum Meruit)*

(Against Defendants Carson Enterprises, GPA, ELAP Services, and Does 1 through 25)

20.    San Antonio incorporates by reference and re-alleges paragraphs 1 through 19 here as though set forth in full.

21.    Within the past two years, by its words and/or conduct, Defendants requested that San Antonio provide Patient R.S. with medically necessary services, supplies and/or equipment.

22.    Acting pursuant to Defendant's implied and/or express request, San Antonio provided Patient R.S. with medically necessary services, supplies and/or equipment.

23.    San Antonio's rendering of medically necessary services, supplies and/or equipment to Patient R.S. was intended to, and did, benefit Patient R.S. and therefore, Defendants.

24.    For rendering the medically necessary services, supplies and/or equipment to Patient R.S., San Antonio reasonably expected full reimbursement of its billed charges at its usual and customary rates.

25.    As stated above, San Antonio's usual and customary total billed charges for the medically necessary services, supplies and/or equipment it rendered to Patient R.S. was $121,856.04.

EXHIBIT A - PAGE 13

26.     Within the past two years, San Antonio demanded Defendants to pay for the medically necessary services, supplies and/or equipment it rendered to Patient R.S., but Defendants failed to properly pay San Antonio, only paying $25,703.03.

27.     As a result of Defendant's misconduct, San Antonio has suffered damages in an amount to be proven at trial according to proof but which amounts to at least $96,153.01, exclusive of interest.

## SECOND CAUSE OF ACTION

(For Monetary Damages and/or Permanent Injunctive Relief Under Cal. Bus. & Prof. Code § 17200 *et seq.*)

(Against Defendants Carson Enterprises, GPA, ELAP Services, and Does 1 through 25)

28.     San Antonio incorporates by reference and re-alleges paragraphs 1 through 27 here as though set forth in full.

29.     Defendants have violated California's unfair competition laws by committing unlawful, unfair or fraudulent business acts or practices, as defined by Cal. Bus. & Prof. Code § 17200 *et seq.* Since Defendants fall within the definition of a "health care service plan" as set forth in the California Health and Safety Code, they were at all relevant times under a statutory duty to pay for emergency services and care provided to its enrollees until each enrollee was stabilized pursuant to California Health and Safety Code §1371.4(b), part of California's Knox-Keene Act.  Section 1371.4(b) provides in pertinent part: "A health care service plan shall reimburse providers for emergency services and care provided to its enrollees." San Antonio rendered medically necessary, emergency

1    services, supplies and/or equipment to Patient R.S. from the time of Patient R.S.'s

2    admission, to the time when Patient R.S.'s condition had sufficiently stabilized to

3    enable Patient R.S. to be discharged or transferred.

4

5            30.    Defendants have violated California's unfair competition law

6    by, as part of their normal business practices: (i) unjustly reducing the amount of

7    payment due San Antonio and (ii) failing to comply with the requirements of

8    California's Knox-Keene Act by refusing to properly reimburse San Antonio for

9    the medically necessary emergency services, supplies and/or equipment rendered

10   to the Patient R.S.

11

12           31.    San Antonio has suffered injury in fact and has lost money as a

13   result of Defendants' unlawful, unfair or fraudulent business practices.

14

15           32.    As a result of Defendants' refusal to pay San Antonio the

16   reasonable value of the services provided to Patient R.S., Defendants have been

17   unjustly enriched in the principal amount of $96,153.01, exclusive of interest.

18

19           33.    The unlawful, unfair and fraudulent business practices of

20   Defendants, as described above, presents a continuing threat to injure San Antonio

21   to the extent other beneficiaries of Defendants receive treatment at San Antonio in

22   the future.  Consequently, San Antonio has no other adequate remedy at law to

23   prevent such damaging conduct in the future.

24

25                              **PRAYER FOR RELIEF**

26

27   **WHEREFORE**, San Antonio prays for judgment as follows:

28

For the First Cause of Action:

      1.    for the principal sum of $96,153.01;

      2.    for interest on such principal sum at the rate of 15% *per annum*, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% *per annum*, pursuant to Cal. Civ. Code § 3289;

For the Second Cause of Action:

      3.    Pursuant to Cal. Bus. & Prof. Code § 17202, for specific relief (*i.e.*, restitution) in a sum to be proven at trial, but not less than $96,153.01;

      4.    Pursuant to Cal. Bus. & Prof. Code § 17203, and pursuant to the equitable powers of this Court, that Defendants be permanently enjoined from refusing to pay Hospital for the reasonable value of its services, as well as provide appropriate equitable monetary relief as the court deems just and appropriate, to all persons with a vested interest herein;

For All Causes of Action;

      5.    for all costs of suit incurred herein; and,

      6.    for such other and further relief as the Court deems just and proper.

Dated: March 8, 2018

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STEPHENSON, ACQUISTO &
COLMAN, INC.

SHAHANE HARUTYUNYAN
Attorneys for
SAN ANTONIO REGIONAL HOSPITAL
a California non-profit public benefit
corporation

- 10 -   COMPLAINT FOR DAMAGES

# EXHIBIT A

| No | File Number | Last Name | First Name | Admission Date | Discharge Date | Patient ID | Total Charges | Total Paid | Underpaid | Issue |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000003876970 | S. | R. | 1/17/2016 | 1/22/2016 | 339482836 | 121,856.04 | 25,703.03 | 96,153.01 | CONTRACT RATE DISPUTE |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Antonio Regional Hospital

CASE NO.:   CIVDS 1805678

vs.

### CERTIFICATE OF ASSIGNMENT

D/T Carson Enterprises, Inc.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the ____San Bernardino____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☒ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| San Antonio Regional Hospital | 999 San Bernardino Road |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| Upland | CA | 91786 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on March 8, 2018 _____ at Burbank _____, California

Signature of Attorney/Party

### CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

COPY



# Alternative Dispute Resolution

Alternate Dispute Resolution (ADR) provides an opportunity for parties to receive assistance reaching a resolution in their small claims, landlord tenant, civil, family law, probate case with a trained mediator. These services are provided by Inland Fair Housing and Mediation Board (IFHMB).

These services are available in the following court locations:

- Barstow
- Fontana
- Joshua Tree
- San Bernardino Justice Center
- San Bernardino Historic
- Victorville

Using ADR to resolve disputes can:

> Save time, since it can take a lot less time to work out and write up an agreement than go through a trial.

> Save money on attorney's fees, fees for expert witnesses and other expenses.

> More control over the outcome. In ADR, parties participate more actively in creating a workable solution than leaving the decision up to a judge or a jury. Also, it can create solutions that go beyond what the court can do.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                          CASE NO: CIVDS1805678

  STEPHENSON, ACQUISTO & COLMAN
  303 N GLENOAKS BLVD
  SUITE 700
  BURBANK CA 91502-1119
                             NOTICE OF TRIAL SETTING CONFERENCE


IN RE: SAN ANTONIO REGIONAL-V-D/T CARSON

THIS CASE HAS BEEN ASSIGNED TO: BRYAN F FOSTER IN DEPARTMENT S22
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210.

          HEARING DATE: 09/11/18 at  8:30 in Dept. S22


DATE: 03/08/18  Nancy Eberhardt, Court Executive Officer
                                          By: LEANNE LANDEROS
------------------------------------------------------------------------
------------------------------------------------------------------------
                   CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 03/08/18
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 03/08/18 at San Bernardino, CA

                         BY: LEANNE LANDEROS